BERIAH L. WOODWARD *vs.* JOSEPH ROBINSON, 2d.

Kennebec. Decided January 10, 1878.

*Exceptions. Pleading.*

In an action of trespass *q. c.*, if the defendant would sustain exceptions on the ground that the instructions allowed plaintiff to prevail when the locus was not covered by the description in the writ, he must present enough of the case to the law court to show that such a position was taken at the trial and to enable the law court to say that the locus was not well described in the writ.

If one, who has title by deed to a part of a lot designated by a certain number and range, includes in his close surplus land adjoining and holds possession of it long enough to acquire an absolute title, either by agreement with coterminous proprietors as to the location of the line, or otherwise, such land becomes to all legal and practical intents and purposes a part of the lot, and a trespasser upon it cannot complain that it is so described.

ON EXCEPTIONS.

TRESPASS : For that the said defendant at, &c., on, &c., with a *continuando,* with force and arms broke and entered the plaintiff's close situate in said Sidney, bounded and described as follows: Part of lot No. 38, on the 4th range of lots, on the east side of the road leading from Augusta to Waterville; being one-

half of all the land on the east side of the road formerly owned by Timothy Woodward, commencing at the north line next to land owned by Joseph Robinson, second, going south to a double wall intended to be in the centre of the lot. And said defendant being so entered, then and there with force as aforesaid, having no privilege or right, without leave or excuse, cut down and carried away eleven large trees of the plaintiff there growing of the value of twenty-five dollars, and other injuries, &c.

Plea, general issue.

The defendant claimed and introduced testimony tending to prove that the west line of the third range and the east line of the fourth range were not identical, but that there was a gore between said third and fourth ranges not included in lot 38, upon which gore the alleged trespass was committed. The act claimed as a trespass was admitted by the defendant, and the only question in issue was the title to the premises where the trespass was alleged to have been committed.

The court instructed the jury: "If the title is in the plaintiff, he is entitled to recover. If the title is not in the plaintiff, your verdict must be for the defendant," with other instructions, all of which, so far as stated in the printed exceptions, appear in the opinion. But the whole charge was referred to. The verdict was for the plaintiff; and the defendant alleged exceptions.

*E. F. Pillsbury & L. Titcomb,* for the defendant, submitted the following brief:

The point upon which the defendant in his exceptions relies, is that the alleged trespass was not committed on the premises described in the plaintiff's writ, which alleges trespass on lot 38, fourth range, and nowhere else.

It appears that the place on the face of the earth where the alleged trespass was committed was admitted; that there was no dispute that plaintiff had title to lot 38, fourth range, by deed; that the west line of defendant's land is the westerly line of range 3, and the easterly line of the plaintiff's land is the easterly line of range 4; that defendant claimed and introduced testimony tending to prove that there was a surplus between the ranges; that there was a gore between said third and fourth ranges not

included in lot 38, upon which gore the alleged trespass was committed—a piece of land not covered by either deed.

If it was not covered by plaintiff's deed, it was not covered by location in his writ, and the instructions of the court were erroneous.

As the defendant states in his exceptions, "the only question in issue was the title to the premises where the trespass was alleged to have been committed."

If the plaintiff had title to the land by virtue of his deed, he can maintain his action; if he had title to it by possession, or not by deed, he cannot maintain his action; as the defendant admitted that the plaintiff had title to lot 38 by deed, but claimed that the alleged trespass was committed on the gore between the ranges outside of lot 38, fourth range, the plaintiff must show that it was covered by his deed, or in other words, covered by location in his writ; and the instructions of the court making title in the plaintiff sufficient grounds for maintaining his action were erroneous.

*D. C. Robinson,* for the plaintiff, submitted the following brief:

1. The question to be settled is the location of the line.

2. The plaintiff introduced testimony to show that, more than twenty years prior to the commencement of the action, the line which marks the eastern boundary of the plaintiff's land, the same line now in dispute, was settled by agreement.

3. Where a number of persons settle in the same neighborhood, and their tracts if extended in certain directions would overlap each other, they may agree and determine upon dividing lines. Such agreements are conclusive upon all parties to them, and upon all claiming under them. 3 Serg. & R. (Pa.) 323.  5 *id.* 273.  17 *id.* 57.  9 Watts & S. (Pa.) 66.

BARROWS, J.  The plaintiff declares for a trespass upon his lot in Sidney, which he describes as part of lot No. 38 in the 4th range.

The defendant owned the corresponding lot in range 3, east of 38, and contended that his acts were done not upon any part of lot 38, but upon a gore of surplus land between ranges 3 and 4,

where his lot and the plaintiff's should have come together, but did not, and he introduced testimony tending to prove that there was a surplusage of land there. The plaintiff claimed that the line between the parties had been so long established by agreement as to become binding upon them; and the presiding judge gave instructions not excepted to as to what is necessary to establish a line between adjoining owners.

The exceptions state that "the only question in issue was the title to the premises where the trespass was alleged to have been committed." The judge told the jury that "if the title is in the plaintiff he is entitled to recover, and if it is not in the plaintiff their verdict must be for the defendant; that if there was a line established by an agreement and established so long that it becomes binding upon the parties, then it is of no consequence about the lines claimed east or west of this; that if they found the line to be established by agreement where the plaintiff claimed it was, it being conceded that that was farther east than the place where the trees were cut, it would give the case to the plaintiff; that if they did not find the line established by agreement, then the next question was where the original line was; that if they found the line so as to include the location where the trees were cut within the lines of the plaintiff, and upon his land, their verdict must be for him."

The defendant excepts to these instructions, claiming that the jury were thereby allowed to give the plaintiff a verdict for a trespass upon land not covered by plaintiff's deed nor described in his writ.

We do not perceive that the defendant was injured by the instructions or that he can justly complain of them. A reference to the plaintiff's declaration shows that his close was further described as being "one-half of all the land on the east side of the road formerly owned by Timothy Woodward, commencing at the north line next to land owned by Joseph Robinson 2d, (defendant) and going south," &c. Wherever the line was it seems to be conceded that the parties were coterminous proprietors. If the plaintiff did not own the land where the cutting was, the defendant was to prevail. It does not appear that the

presiding judge had his attention called in any manner to the sufficiency or correctness of the description in the writ. There is not enough in the case presented to enable us to say that the locus is not well described in the plaintiff's writ.

If he had a valid title to the land or a possession rightful as against the defendant, it was sufficient to enable him to maintain this action. It mattered not whether the title was by deed or by long continued possession under an agreement establishing the line between his lot and that of the adjoining proprietor on the east.

If he or his predecesssors, by a valid agreement with the defendant or his predecessors, had included in his close more or less of the surplus land which the defendant supposes the former liberal system of admeasurements had left between ranges 3 and 4, and had held the possession long enough to give him a good title, it became to all legal and practical intents and purposes a part of lot 38, and the defendant cannot complain that it was so described. The trial seems to have proceeded upon an understanding, express or tacit, that either the plaintiff or defendant had a legal title to the locus. The line of the lot was the subject of the agreement if there was one. If the jury did not find the agreed line, then under the instructions they must have found that the place of the cutting was within the original line of the plaintiff's lot, and for aught that appears here the original and agreed lines may have been coincident.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and PETERS, JJ., concurred.